### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|   |   |   |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| DARRYL M. TOLIVER | : | CASE NO: 16- 16820ELF |
|  | : | **Hearing: November 29, 2106, 1:00PM** |
| Debtor | : | **Courtroom 1, 900 Market St.** |
|  | : | **Philadelphia PA 19107** |

### DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 01

Debtor, by counsel, objects to Proof of Claim Number One (01) (hereinafter, the "Claim"), filed by Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely in its capacity as Certificate Trustee for NNPL Trust Series 2012-1 ("Wilmington"), filed by it's servicer Shellpoint Mortgage Servicing ("Shellpoint") in the amount of $87,549.90 for the following reasons:

1. The Claim was filed on October 19, 2016. The basis of the Claim is a Note and Mortgage, of which Wilmington asserts to be an assignee. A copy of the Claim is attached as Exhibit "A".

2. The Note and Mortgage, however, were reduced to a judgment on August 30, 2016, in favor of Kondaur Capital Corp. ("Kondaur") in the amount of $65,408.37. See Kondaur Capital Corp v. Toliver, No. 140903967 (Phila. Com. Pleas) (hereinafter, the "Judgment"). A copy of the Foreclosure Complaint, Docket, and Judgment is attached as Exhibit "B".

3. State law determines the validity of creditors' claims in bankruptcy. Grogan v. Garner, 498 U.S. 279, 283, 111 S.Ct. 654 (1991). The Pennsylvania doctrine of merger of judgments

provides that the terms of a contract, in this case the note and mortgage, are merged into a judgment and thereafter no longer provide the basis for determining the obligations of the parties. Youngman v. Fleet Bank (In re A & P Diversified Technologies Realty, Inc., 467 F.3d 337, 341 (3d Cir. 2006); In re Stendardo, 991 F.2d 1089, 1094-95 (3d Cir. 1993).

### Standing of Wilmington as Claimholder

4.    Because the Note and Mortgage that are the basis of the Claim were reduced to a judgment in favor of Kondaur, it could not as a matter of law, assign the Note and Mortgage to Wilmington. See e.g., In re Foy, 469 B.R. 209, 214 (Bankr. .E.D. Pa. 2012).

5.    Absent an assignment of the Judgment, the Claim asserted by Wilmington must be disallowed in its entirety.

### Proper Calculation of the Claim

6.    Assuming Kondaur assigns the Judgment to Wilmington, that judgment is for the amount of $65,408.37. To the extent that the judgment holder seeks more than that amount, there must be a basis under Pennsylvania law for post-judgment amounts. An exception to the doctrine of merger is where a particular provision of a contract evidences the parties' intent to preserve the effectiveness of that provision post-judgment. 991 F.2d at 1095. There is no provision in the Note, Mortgage, or Loan Modification Agreement attached to the Claim that evidences an intent to be effective beyond judgment and which would therefore provide for post-judgment amounts to be assessed. Exhibit A at Claim pagination 5-26.

7.    Upon objection to a proof of claim, the Court shall determine the amount of such claim as of the Petition Date. 11 U.S.C. § 502(b).

8.  Therefore, the allowable Claim must be limited to the Judgment amount, plus the Pennsylvania judgment rate of interest of 6% from August 30, 2016, to the petition date, September 27, 2017, i.e. 28 days.  The daily per diem of interest at an annual rate of 6% is $10.7521.  A demonstration of these calculable items is attached as Exhibit "C".

9.  The Claim is therefore properly calculated as follows:

| | |
|---|---|
| The Judgment: | $65,408.37 |
| Post-judgment per diem of $10.7521 * 28 days | $   301.06 |
| **Total Allowed Secure Claim:** | **$65,709.43** |

WHEREFORE, Debtor respectfully requests that the Court DISALLOW the Claim, or in the alternative, DISALLOW it as stated and hold that Wilmington has an allowed secured claim of $65,709.43.

RESPECTFULLY SUBMITTED,

/s/ Alfonso Madrid
ALFONSO MADRID, ESQ.
Attorney for Debtor
757 South 8th St.
Philadelphia PA 19147
(215) 925-1002
(215)402-3437 (fax)