**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                  :        **Chapter 13**
                                        :
    **DARRYLE M. TOLIVER**          :
                                        :
    **Debtor**                     :        **Bky. No. 16-16820 ELF**

# O R D E R

**AND NOW WHEREAS:**

A.    Debtor Darryle M. Toliver ("the Debtor") filed a chapter 13 bankruptcy petition in this

court on **September 27, 2016**.

B.    On **September 28, 2016**, the Debtor filed a chapter 13 plan (Doc. # 6) which proposed,

inter alia, to provide for the secured claim of Kondaur Capital Corp. ("Kondaur") by

paying Kondaur's secured claim of **$65,709.43**, plus "present value" interest[1] at 4.5%, for

a total distribution of **$73,412.13**.

C.    Kondaur's claim is secured by the Debtor's principal residence, 6239 Langdon Street

Philadelphia, PA ("the Residence").

D.    On **October 19, 2016**, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust,

not in its individual capacity but solely in its capacity as Certificate Trustee for NNPL

Trust Series 2012-1 ("WSFS") filed a proof of claim ("Claim No." 1 or "the Proof of

Claim") asserting a secured claim in the amount of **$87,549.90**.

E.    Claim No. 1 is secured by the Residence.

F.    On **October 20, 2016**, the Debtor filed an objection to the Proof of Claim ("the

Objection") (Doc. # 15).

---

[1]       See 11 U.S.C. §1325(a)(5)(B)(ii).

G.    WSFS filed a response to the Objection on **November 28, 2016** ("the Response") (Doc.

#21).

H.    The court held a hearing on the Objection on **November 29, 2016**, after which the court

took the matter under advisement.

I.    Based on the documentary evidence attached to the Proof of Claim, the Objection and the

Response to the Objection, certain material facts are not in dispute, as set forth below.

\*      \*      \*      \*      \*      \*

J.    On **January 28, 2000**, the Debtor entered into a loan transaction evidenced by a note

("the Note") and secured by a mortgage ("the Mortgage") on the Residence. See

attachment to the Proof of Claim.

K.    The original holder of the Note and Mortgage was Associates Financial Services

Corporation ("Associates").

L.    The chain of title to the Note appears as follows:

(1) by an undated allonge to the Note, Associates assigned the Note to Citimortgage,
Inc.;

(2) by another undated allonge to the Note, Kondaur (as trustee of Matawin Ventures
Trust Series 2013-3) Associates assigned the Note to NNPL Trust Series 2012-1
(c/o Christiana Trust, a division of WSFS) ("NNPL"). (See attachment to the
Proof of Claim).

M.    The documents do not explain the basis of Kondaur's authority to assign the Note to

NNPL.[2]

---

[2]    According to the Proof of Claim, WSFS is the trustee of the NNPL Trust.

\*     \*     \*     \*     \*     \*

N.      On **December 10, 2009**, the Debtor entered into a loan modification agreement with

CitiMortgage, in which CitiMortgage represented itself to be the Note holder or the

"power of attorney" for the Note holder. (See attachment to the Proof of Claim)

O.      On **January 22, 2014**, CitiMortgage assigned the Mortgage that secured the Note to

Kondaur. (See attachment to the Proof of Claim).

\*     \*     \*     \*     \*     \*

P.      On **September 29, 2014**, Kondaur filed an action in mortgage foreclosure against the

Debtor in the Court of Common Pleas, Philadelphia County, at No. 14-09-03967 (the

"C.P. Action"). (See Ex. B to Objection).

Q.      The docket in the C.P. Action reflects that entry of default judgment was delayed by the

state court on several occasions based on the scheduling of conciliation conferences. (See

Ex. B to Objection).

R.      On **August 30, 2016**, judgment by default was entered in the C.P. Action in favor of

Kondaur and against the Debtor in the amount of **$65,408.37** ("the Judgment"). (See Ex.

B to Objection).[3]

---

[3]     Previously, I noted the absence of a chain of title clearly establishing Kondaur's status as the holder of the Note. See ¶ M., supra. Similarly, the attachments to the Proof of Claim do not set out a clearly understandable chain of title with respect to the mortgage. Ultimately, however, these issues are irrelevant.

     To the extent that WSFS has not shown that it holds the Note or has not shown that it has the right to enforce the Note, this could have been a defect in establishing its claim (i.e., its right to

(continued...)

S.     After the commencement of the C.P. Action on **September 29, 2014**, but before the entry

of the Judgment on **August 30,2016**, Kondaur assigned the Mortgage to WSFS.[4]


\*     \*     \*     \*     \*     \*


T.     Citing In re Foy, 469 B.R. 209, 214 (Bankr. E.D. Pa. 2012), the Debtor asserts that the

proof of claim should be disallowed because:

   (1) the lender's rights in the Note and Mortgage merged into the Judgment;

   (2) the Judgment was entered in favor of Kondaur, not WSFS;

   (3) there is nothing in the record establishing that Kondaur assigned its interest in the
       Judgment or marked it to the use of WSFS; and

   (4) after the entry of Judgment, Kondaur could not legally assign its interest in the
       Note and the Mortgage to WSFS due to the Note and Mortgage's merger into the
       Judgment.

   (Objection at 2).

---

[3](...continued)
payment. See 11 U.S.C. §101(5)(A); In re Kemp, 440 B.R. 624, 634 (Bankr. D.N.J. 2010)). However,
this possible defect was cured by the entry of the foreclosure judgment in favor of Kondaur on August
30, 2016. See HSBC Bank USA, Nat. Ass'n v. Kronberg, 2015 WL 9593519, at *6 (Pa. Super. Ct. Dec.
28, 2015) (citation omitted) (nonprecedential):

> [A]n averment in a complaint in mortgage foreclosure that the foreclosing party is the
> legal owner of the mortgage  .  .  .  sufficiently indicates that the foreclosing party is
> the holder of the mortgage's note.  As Defendant failed to answer the Complaint or seek
> to open or strike the default judgment entered thereon for want of an answer, Defendant
> has conceded to the legal inference that at all relevant times Plaintiff was in possession
> of the note which the mortgage, clearly assigned to Plaintiff, secures.

.

[4]     There was no evidence offered at the hearing in support of this fact.  There is a notation
on the mortgage assignment of its "effective date" and that notation appears to state "7/2/2015."

     In any event, at the hearing, WSFS' counsel made the representation that the assignment
occurred prior to the entry of judgment and the Debtor did not dispute that fact.

U.   Alternatively, the Debtor contends that if WSFS is the holder of the Claim secured by the

Residence, its Claim is overstated in that it includes certain charges to which it is not

entitled under applicable nonbankruptcy law, also by virtue of the doctrine of merger.  See

In re Stendardo, 991 F.2d 1089 (3d Cir. 1993). Objection at 2-3.

\*       \*       \*       \*       \*       \*

V.   Pa. R. Civ. P. 2004 provides:

> If a plaintiff has commenced an action in his or her own name and thereafter transfers
> the interest therein, in whole or in part, the action may continue in the name of the
> original plaintiff, or upon petition of the original plaintiff or of the transferee or of any
> other party in interest in the action, the court may direct the transferee to be
> substituted as plaintiff or joined with the original plaintiff.

W.   At the hearing, the Debtor did not dispute that Kondaur assigned the Mortgage to WSFS.

X.   Under Pa. R. Civ. P. 2004, after the assignment of the Mortgage, WSFS was entitled to

prosecute the foreclosure action in Kondaur's name, even without substituting itself as

the named plaintiff.  See Hous. Opportunity Partners Reo, LLC v. Mehalshick, 2015 WL

7454497, at \*3-4 (Pa. Super. Ct. Mar. 11, 2015) (nonprecedential).

Y.   It follows that, there being no dispute that WSFS is the current holder of the Mortgage,

WSFS also has all of the rights under the Judgment as well.

Z.   As the holder of the Judgment, WSFS has a right to payment and its claim may be

allowed.

\*       \*       \*       \*       \*       \*

AA.   In its Proof of Claim, WSFS employed the traditional method of calculating the unpaid

balance owed: starting with the unpaid principal balance on the date of default and then

adding interest at the contract rate and other charges authorized by the Note and Mortgage

(such as escrow advances and legal expenses).

BB.    However, under the doctrine of merger

> Because the foreclosure judgment constitutes a new and higher obligation, mortgage provisions relating to items such as the interest rate and the borrower's obligation to reimburse the lender for advances for taxes and insurance are superseded by the judgment and are no longer operative.

In re Smith, 463 B.R. 756, 761 (Bankr. E.D. Pa. 2012) (citing Stendardo, 991 F.2d at 1098)).[5]

CC.    It follows that WSFS' Claim should be allowed in the amount of **$65,709.43**, which represents the judgment amount of **$65,408.37**, plus prepetition interest of **$301.06** (calculated at the rate of 6% from the entry of judgment on **August 30, 2016** through the filing of the bankruptcy case on **September 27, 2016**).[6]

*    *    *    *    *    *

It is therefore **ORDERED** that:

1.    The Debtor's Objection to the Proof of Claim filed by Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely in its capacity as Certificate Trustee for NNPL Trust Series 2012-1 ("WSFS") is **SUSTAINED IN PART**

---

[5]    The merger doctrine is subject to qualification. A provision of a mortgage may survive the entry of judgment if the mortgage clearly evidences the parties' intent to preserve the effectiveness of that provision even after the entry of judgment. Smith, 463 B.R. at 761 (citing authorities); see also EMC Mortg., LLC v. Biddle, 114 A.3d 1057, 1068 (Pa. Super. Ct. 2015) (construing mortgage to permit lender to reassess damages in foreclosure judgment by adding post-judgment attorney's fees, but not post-judgment escrow advances). At the hearing, WSFS conceded that the Mortgage does not include any provision permitting its terms to survive the entry of judgment.

[6]    The calculation is: $65,408.37 times 6%, divided by 365 days, times 28 days.

**AND OVERRULED IN PART**.

2.      Claim No. 1 is **ALLOWED** as a secured claim in the amount of  **$65,709.43**.

**Date: <u>December 22, 2016</u>**

**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**