## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| DARRYLE M. TOLIVER | : | CASE NO: 16- 16820ELF |
| | : | |
| Debtor | : | |
| | : | FIRST AMENDED |
| | : | CHAPTER 13 PLAN |
| | : | (PRE-CONFIRMATION) |

## YOUR RIGHTS WILL BE AFFECTED

If you oppose any provision of this plan you must file a timely written objection.  This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

## PLAN PROVISIONS

**DISCHARGE:**

__X__   The debtor will seek a discharge of debts pursuant to Section 1328(a).

_____   The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in 1328(f).

**I.**  **BEST INTERESTS OF THE CREDITORS** - If the instant estate were liquidated under Chapter 7 of the Bankruptcy Code, the allowed unsecured claimants would be paid 100%. Under this plan, the allowed unsecured claimants will receive not less than that amount.

**II.**  **PLAN FUNDING AND LENGTH OF PLAN**

    A.  The plan payments by Debtor shall consist of the total amount previously paid by the end of January 2017 ($4,445.00), added to the continuing monthly payment in the amount of **$1,375** for **56** months, commencing February 2017 (total plan length: 60 mos)

**Total of Estimated Plan Payments:**     $81,445.00

### III. PAYMENT OF CLAIMS.

    A.     **SECURED CLAIMS**

        1.     <u>Mortgages and Other Direct Payments by Debtor</u>. N/A. This is NOT a cure of default pursuant to 11 U.S.C. 1322(b)(5).

        2.     <u>Other Secured Claims</u> - Debtor proposes to pay the <u>lesser</u> of the amounts below or the allowed secured claims by means of monthly payments to the trustee. Liens shall be retained until the earlier of: (1) payment of the allowed secured claim; or (2) upon entry of discharge. Upon completion of the preceding event, claimants shall release their liens. Debtor reserves the right to object to any and all of these claims and amend the plan accordingly, if needed.

| Name of Creditor | Description of Collateral | Secured Claim | *Till* Interest Rate | Total Payment |
|---|---|---|---|---|
| Wilmington Savings Fund Society, (Claim No. 1) | 6239 Langdon St. Philadelphia PA 19111 | $65,709.43 | 4.50% | $73,412.13 |

        3.     <u>Secured claims not being paid.</u> The following secured claims or any secured claims filed after this plan are either disputed by the Debtor or otherwise not being paid though the plan as secured claims. These creditors will retain liens, if any, allowed under nonbankruptcy law unless Debtor brings a motion under bankruptcy rule 3012 and/or an adversary action, as appropriate under section 506(a) to determine the extent, validity, and priority of any lien. If Debtor is successful in determining the claim(s) is/are unsecured, the claimants shall release their liens.

| Name of Creditor | Description of Collateral | Claim |
|---|---|---|
| Capital One Bank | 6239 Langdon St. Philadelphia PA 19111 | $3,955.60 Judgment lien entered 10/06/2009 (No. 081203810, Phila. Comm. Pl.) |

    **B.**    **PRIORITY CLAIMS**.

        1.    Allowed unsecured claims entitled to priority under section 507 will be paid in full: N/A

        2.    <u>Administrative Claims</u>

            a.    *Trustee fees*. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

            b.    *Attorney's Fees*. Debtor's attorney has been paid $3,500 prepetition for "basic services" as defined by the representation agreement with Debtor. Supplemental fee applications may be submitted, subject to court approval and availability of estate funds.

    **C.**    **UNSECURED CLAIMS**

        1.    <u>Claims of General Unsecured Creditors</u>. Allowed unsecured claims shall be paid on a **pro rata** basis after all administrative, priority and/or secured claims are paid in full. There is no guarantee of a distribution to unsecured creditors.

**IV.**    **OTHER PLAN PROVISIONS**

    A.    Confirmation of this plan shall constitute a finding in accordance with 11 U.S.C. § 1322 that there is cause for extending the plan beyond three years. Confirmation shall also constitute approval of such extension. Such extension is essential to the success of the plan. Without it the plan would fail and no claims would be paid in full.

    B.    Upon completion of this plan, all debts listed in the Debtors' schedules or provided for by this plan, except those excepted by 11 U.S.C. § 1328(a) shall be discharged.

    C.    If prior to the expiration of the period set forth in Paragraph II of this plan, the "Total of Plan Payments" identified in Paragraph II is paid in full, this plan shall terminate on that date.

**V.**     **ORDER OF DISTRIBUTION**. Payments from the plan will be made by the trustee in the following order:

     A.     Administrative claims pro rata until attorney's fee is paid in full.

     B.     After the application of the appropriate amount each month to the administrative claims, the entire amount of the monthly payment remaining in the hands of the trustee shall be distributed in equal monthly payments, pro rata, to the holders of the allowed secured claims under Paragraph III.A. until each such claimant shall have received 100% of the amount allowed on each claim.

     C.     After the administrative, priority, and secured claims are paid in full, the entire amount of the monthly payment remaining in the hands of the trustee shall be distributed, pro rata, to the holders of allowed general unsecured claims pro rata.


           /s/   Darryl M. Tolliver
           DARRYL M. TOLLIVER